IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DONALD F. BASS, | : |
| Petitioner, | : |
| v. | : C.A. No. 10-578-LPS |
| PERRY PHELPS, and ATTORNEY GENERAL OF THE STATE OF DELAWARE, | : |
| Respondents. | : |

### MEMORANDUM

## I. BACKGROUND

Presently pending before the Court is Bass' petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, challenging his 1998 conviction for first degree burglary and weapons charges. (D.I. 2.) The petition asserts two grounds for relief: (1) Bass was denied his Sixth Amendment right to representation by counsel because his waiver of counsel was not knowing, voluntary, or intelligent; and (2) the judge's misconduct during a pre-trial hearing deprived Bass of his constitutional right to a fair trial. (D.I. 2) Bass has already requested, and has been denied, habeas relief with respect to the same 1998 conviction on two prior occasions; his first petition was denied as time-barred, and his second petition was denied as second or successive. *See Bass v. Carroll*, Civ. A. No. 02-1557-JJF, Mem. Order (D. Del. July 18, 2003); *Bass v. Carroll*, Civ. A. No. 06-758-JJF, Order (D. Del. Jan. 18, 2007).

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 2244(b)(1), if a habeas petitioner erroneously files a second or successive habeas petition "in a district court without the permission of a court of appeals, the

district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631." *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002). A habeas application is classified as second or successive within the meaning of 28 U.S.C. § 2244 if a prior application has been decided on the merits, the prior and new applications challenge the same conviction, and the new application asserts a claim that could have been raised in a prior habeas application. *Benchoff v. Colleran*, 404 F.3d 812, 817 (3d Cir. 2005); *In re Olabode*, 325 F.3d 166, 169-73 (3d Cir. 2003).

### III. DISCUSSION

The two claims asserted in the instant petition were raised in Bass' first habeas petition. In turn, the first petition was dismissed as time-barred, which constitutes an adjudication on the merits. *See Murray v. Greiner*, 394 F.3d 78, 81 (2d Cir. 2005)(holding that the dismissal of a § 2254 petition as time barred constitutes an adjudication on the merits for successive purposes); *Altman v. Benik*, 337 F.3d 764, 766 (7th Cir. 2003)(holding that "a statute of limitations bar is not a curable technical or procedural deficiency but rather operates as an irremediable defect barring consideration of the petitioner's substantive claims"). Therefore, the instant petition constitutes a second or successive habeas petition within the meaning of 28 U.S.C. § 2244.

The record is clear that Bass has not obtained permission to file the pending petition from the Court of Appeals for the Third Circuit. Accordingly, the Court will dismiss the petition for lack of jurisdiction. *See* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court, 28 U.S.C. foll. § 2254 (authorizing summary dismissal of § 2254 petitions); 28 U.S.C. § 2244(b)(1). The Court will also decline to issue a certificate of appealability because Bass has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C.

§ 2253(c)(2); *see United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997); 3d Cir. L.A.R. 22.2 (2008).

## IV. CONCLUSION

For the aforementioned reasons, the Court will dismiss the instant petition for lack of jurisdiction because it constitutes a second or successive petition under 28 U.S.C. § 2244. In addition, the Court will not issue a certificate of appealability. A separate Order will be entered.

Dated: September 3, 2010

_____
UNITED STATES DISTRICT JUDGE